**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KEITH FETSURKA, et al.,** | : | |
| | : | |
| Plaintiffs | : | Case No. - 2:20-cv-05857 |
| | : | |
| v. | : | |
| | : | |
| **DANIELLE OUTLAW, et al.,** | : | |
| | : | |
| Defendants | : | |

## <u>DECLARATION OF KEITH FETSURKA</u>

I, Keith Fetsurka, am competent to state and declare the following based on my personal knowledge:

1. I, Keith Fetsurka:

    a. Am a United States citizen;

    b. Am over the age of twenty-one (21);

    c. Am not under indictment;

    d. Have never been convicted of a felony or misdemeanor crime of domestic violence;

    e. Have never been convicted of a crime punishable by more than one (1) year;

    f. Am not a fugitive from justice;

    g. Am not an unlawful user of, or addicted to, any controlled substance;

1

h. Have not been adjudicated a mental defective or been committed to a mental institution;

   i. Have not been discharged from the Armed Forces under dishonorable conditions;

   j. Have never renounced my citizenship; and,

   k. Am not the subject of a restraining order relating to an intimate partner.

2. I have never been charged with nor convicted of any misdemeanor or felony offense.

3. I am not prohibited from possessing firearms and ammunition under federal or state laws.

4. I am not prohibited from receiving a license to carry a firearm ("LTCF") under 18 Pa.C.S. § 6109(e).

5. I am not disqualified from exercising my right to keep and bear arms.

6. For all of these reasons, if I were subjected to a background check for the purpose of acquiring a LTCF, such as the Pennsylvania State Police's E-PICS system, online at https://epics.pa.gov/Pics, I would pass and be reported as eligible to receive a LTCF under 18 Pa.C.S. § 6109.

7. I moved to Philadelphia, Pennsylvania in December 2019. Since then, I have been and am currently a resident of Philadelphia County, Pennsylvania.

8. I lawfully own and possess firearms, including handguns.

9. My fundamental right to keep and bear arms includes the right to carry loaded, operable handguns on my person in public for all lawful purposes, including immediate self-defense and in case of confrontation.

10. I wish and intend to exercise my right to carry loaded firearms in public for self-defense and other lawful purposes.

11. I am not exempt from the Commonwealth's criminal laws banning the carry of firearms generally, in Philadelphia specifically, and during states of emergency.

12. I am not exempt from the City of Philadelphia's criminal laws banning the carry of firearms generally, and within 100 feet of schools.

13. I am aware that there are many schools in the City of Philadelphia, and I cannot avoid being within 100 feet of one during the normal course of my travels to and from my employer, as well as other locations I have and will in the near future be required to travel to and from.

14. Especially because of the recent civil unrest, violent protests, riots, and looting in the City of Philadelphia, I have become particularly concerned about my safety, especially when I am outside of my home in public places or traveling in motor vehicles.

15. Prior to moving to Philadelphia, I honorably served in the United States Army as a combat medic for a period of twelve years. I was honorably separated from the Army in 2014. During my time in the Army, I was stationed in Georgia, Colorado, North Carolina and a resident of the same. I was a resident of Texas after I separated from the Army.

16. While stationed in Georgia, Colorado, and North Carolina, and while living in Texas after separating from the Army, because I was and remain a law-abiding citizen, I successfully obtained the necessary licenses to carry a loaded handgun for self-defense and other lawful purposes in public. These licenses have all since expired and they were not renewed as I am no longer a resident of those states.

17. While I was in the Army, I was trained in the safe handling of and proficiency with firearms, including handguns.

18. I am currently employed as a Range Safety Officer at Guardian Training Center in Warminster, Pennsylvania, a firearm shooing range and training facility located approximately 28 miles from the Center City area of the City of Philadelphia.

19. One of my job responsibilities as a Range Safety Officer at Guardian Training Center is to know firearm safety rules, practice and train others in

safe and responsible firearm handling, and ensure the safety of individuals using the firearm shooting range.

20. Prior to working as a range safety officer, I obtained employment at Thomas Jefferson University Hospital ("Jefferson Hospital").

21. While I was employed by Jefferson Hospital, I was scheduled to work Monday through Friday during typical business hours, including the time periods during which the Philadelphia Defendants' Gun Permit Unit ("GPU") was open to the public to accept LTCF applications.

22. The GPU did not allow me to submit my LTCF application on the Internet, by email, or through electronic systems, or by U.S. Mail or courier, forcing me to utilize their exclusively paper-based and in-person procedures during limited business hours.

23. My employer at the time, Jefferson Hospital, had a strict policy related to time off for personal reasons, which did not allow me to schedule an appointment with the GPU prior to it closing in March 2020.

24. My understanding is that the GPU was closed for approximately four months and five days, reopening in late July 2020.

25. At some time in August 2020 I became aware that the GPU reopened and began to accept appointments.

26. After learning of its reopening, I called the GPU many times trying to reach someone there to schedule an appointment so that I could submit my LTCF application.

27. I called the GPU approximately fifteen to twenty times before a GPU staff member finally answered my call.

28. During my conversation with the GPU staff member who answered my call, I was told that there were no immediately available appointments, and that the next available appointment would be some time "next year" in 2021.

29. I asked the GPU for the soonest available appointment and was issued an appointment date of September 15, 2021.

30. The GPU's scheduled appointment date for me to first apply for a LTCF was over one year from the date I called the GPU to make the appointment.

31. Sometime in or about October 2020, I received a phone call from a staff member at the GPU stating that they had a new opening to submit a LTCF application on November 19, 2020 at 10:30 a.m.

32. I accepted the new appointment date.

33. On or about November 18, 2020, I received another phone call from a staff member at the GPU at which time I was informed that the November 19, 2020 appointment was canceled and had to be rescheduled for some time in the unforeseeable future.

34. My understanding is that the GPU is closed until further notice.

35. To date, I have been unable to attend an appointment at the GPU to submit a LTCF application and begin the process of acquiring my LTCF.

36. Even beyond their GPU closure and severe appointment delays, the Philadelphia Defendants impose upon me and other LTCF applicants requirements that subject me to a needlessly complicated, burdensome, lengthy, and costly application process.

37. I could, and would if it were possible, submit my completed LTCF application to the GPU through an online system, Internet form, email, or text message, such as those the Philadelphia Defendants use for other services, or even U.S. Mail or courier were it necessary.

38. I could, and would if it were possible, use E-PICS to submit and complete my background check likely within a matter of minutes for the purpose of acquiring a LTCF.

39. It is my understanding that the Philadelphia Defendants could but do not provide any alternative means of applying for, processing, and issuing LTCF licenses.

40. It is my understanding that the Philadelphia Defendants choose paper-based and in-person LTCF application and issuance processes, and are currently choosing to completely close their GPU, in spite of other more efficient

systems allowing for online applications, such as the Permitium PermitDirector online system used by many other licensing authorities.

41. It is my understanding of Pennsylvania law that 18 Pa.C.S. § 6106 prohibits me from carrying a concealed firearm for self-defense absent being issued a LTCF by the Philadelphia Defendants under 18 Pa.C.S. § 6109.

42. It is my understanding of Pennsylvania law that, due to Governor Wolf's proclamations of emergency, 18 Pa.C.S. § 6107 makes it unlawful to carry a firearm upon the public streets or upon any public property absent being issued a LTCF by the Philadelphia Defendants under 18 Pa.C.S. § 6109.

43. It is my understanding of Pennsylvania law that 18 Pa.C.S. § 6108 prohibits me and other law-abiding citizens like me from carrying any firearm, including a rifle or shotgun, upon the public streets or public property in Philadelphia unless I have been issued a LTCF by the Philadelphia Defendants under 18 Pa.C.S. § 6109.

44. It is my understanding of the City of Philadelphia's laws that I am prohibited from carrying any firearm in public and within 100 feet of schools unless I have been issued a LTCF by the Philadelphia Defendants under 18 Pa.C.S. § 6109.

45. As such, I have intended, desired, and made efforts to acquire a LTCF from Philadelphia's GPU.

46. I am aware that the law prevents me from applying for a LTCF in any other county in which I am not a resident, despite the fact that many of them remain open and operational for, among other things, LTCF licensing purposes.

47. Further, I am aware that many Pennsylvania county sheriffs, such as those for the counties of Schuylkill, Berks, Blair, Bucks, Cambria, Monroe, Montgomery, Pike, and Wayne have implemented and are using common online systems to allow individuals to apply for a LTCF completely over the Internet, negating the need for a person to appear in person to apply.

48. Because of Defendants' laws, policies, and enforcement practices, I have been and remain disarmed in public, prevented from exercising my right to bear arms by carrying a loaded, operable firearm for all lawful purposes including self-defense without risk of criminal prosecution for violations of 18 Pa.C.S. §§ 6106, 6107, and/or 6108, as well as the City of Philadelphia's Code §§ 10-818(2) (criminalizing carry in the City) and 10-833(2) (additionally criminalizing carry within 100 feet of schools).

49. My understanding is that the Pennsylvania State Police and the Philadelphia Police Department have and currently are enforcing these laws which make it a crime for me to carry a loaded, operable handgun in public for self-

defense without a LTCF that can only be issued to me by the Philadelphia Defendants.

50. I have been advised and am aware that if I am convicted for a crime of carrying a firearm without a LTCF, under Pennsylvania law, the crime is graded as a graded as a misdemeanor of the first degree and punishable by up to five years imprisonment.

51. I have been advised and am aware that if I am convicted of a misdemeanor of the first degree for a violation of 18 Pa.C.S. §§ 6106, 6107, or 6108, it will trigger the federal prohibition found in 18 U.S.C. § 922(g)(1), which would result in a lifetime ban on the exercise of my Second Amendment right to keep and bear arms and ammunition.

52. I wish and intend to carry a loaded, operable handgun on my person, in public and in motor vehicles, for the purpose of immediate self-defense and other lawful purposes. But I have so far abstained from such constitutionally protected conduct because I fear that the Defendants will enforce their laws and policies on me, including by arrest, prosecution, incarceration, a fine, and a lifetime ban on keeping and bearing arms.

53. Unless either: A) Defendants' enforcement of 18 Pa.C.S. §§ 6106, 6107, and 6108, Philadelphia Code §§ 10-818(2) and 10-833(2) (with respect to carry within 100 feet of a school), Philadelphia Police Department Directive 5.27,

and their related policies and practices are enjoined; or B) enforcement of Philadelphia Defendants' laws, policies, and practices preventing me from applying for and being issued a LTCF, and Philadelphia Defendants are ordered to issue me a LTCF, I have and will continue to suffer irreparable harm and the denial of my constitutionally guaranteed fundamental right to bear arms.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my information, knowledge and belief.


Date: November 22 , 2020

Keith Fetsurka