# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH FETSURKA; | : | |
| TIMOTHY SIECK, and, | : | Case No. – 2:20-cv-05857 |
| FIREARMS POLICY | : | |
| COALITION, INC., | : | |
|     Plaintiffs | : | **[PROPOSED] ORDER** |
| | : | **GRANTING PLAINTIFFS'** |
| v. | : | **MOTION FOR** |
| | : | **TEMPORARY** |
| DANIELLE OUTLAW, | : | **RESTRAINING ORDER** |
|   Philadelphia Police Commissioner; | : | **AND PRELIMINARY** |
| CITY OF PHILADELPHIA, | : | **INJUNCTION** |
| PENNSYLVANIA; and, | : | |
| COLONEL ROBERT | : | |
| EVANCHICK, | : | |
|   Commissioner of Pennsylvania | : | |
|   State Police, | : | |
|     Defendants | : | |

## TEMPORARY RESTRAINING ORDER

AND NOW, on this _____ day of _____, 2020, upon the Motion for Temporary Restraining Order and Preliminary Injunction (the "Motion") filed by Plaintiffs Keith Fetsurka, Timothy Sieck, and Firearms Policy Coalition, Inc. (together, the "Plaintiffs") against Defendants Danielle Outlaw, City of Philadelphia, Pennsylvania, and Colonel Robert Evanchick, (together, the "Defendants"), Plaintiffs' supporting Memorandum of Law and declarations and exhibits attached thereto, the Plaintiffs' Complaint, and all other supporting materials, and

Defendants' opposition, if any, and having held a hearing on _____, 2020, the Court finds that Plaintiffs have established that:

1. There is a substantial likelihood that the Plaintiffs will succeed on the merits of their claims against the Defendants;

2. The Plaintiffs have and will continue to suffer immediate and irreparable harm if the Defendants' unconstitutional conduct continues unabated;

3. The irreparable injury the Plaintiffs face outweighs the injury that the Defendants will sustain as a result of the immediate injunctive relief; and,

4. The public interest will be served by the granting of the immediate injunctive relief.

**WHEREFORE, IT IS HEREBY ORDERED THAT** the Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction is **GRANTED**, and the Defendants are hereby bound by the following terms:

1. Defendants Outlaw and City of Philadelphia are **ORDERED** to immediately accept and process Plaintiffs' respective applications and payments for a license to carry firearms, including through an alternative means if necessary to comply with this order, conduct the necessary background check utilizing the Pennsylvania State Police's E-PICS System, and, if they are not disqualified from

exercising Second Amendment rights, immediately issue Plaintiffs their license to carry firearms under 18 Pa.C.S. § 6109.

2. Philadelphia Defendants Outlaw and City of Philadelphia are **ORDERED** to immediately begin accepting and processing applications and payments for licenses to carry firearms, including through at least one additional alternative means, conduct the necessary background check utilizing the Pennsylvania State Police's E-PICS System, and, if the applicants are not disqualified from exercising Second Amendment rights, issue them a license to carry firearms under 18 Pa.C.S. § 6109.

3. Philadelphia Defendants Outlaw and City of Philadelphia are **ORDERED** to utilize both the U.S. Mail and at least one Internet-based alternative means of accepting and processing applications for licenses to carry firearms, such as but not limited to e-mail and Web forms, and any documentation required under 18 Pa.C.S. § 6109, and all required payments therefore.

4. For the duration of this Temporary Restraining Order, Philadelphia Defendants Outlaw and City of Philadelphia, and their officers, agents, servants, employees, all persons in concert or participation with them, and all who have notice of the injunction, are **ENJOINED** from enforcing their laws, policies, and practices that prevent those who are not disqualified from exercising their Second Amendment

rights and wish to acquire a license under 18 Pa.C.S. § 6109 from applying for and being issued such a license.

5. For the duration of this Temporary Restraining Order, or until Philadelphia Defendants Outlaw and City of Philadelphia show this Court that they have and will continue to comply with all parts of this Order, Defendants and their officers, agents, servants, employees, all persons in concert or participation with them, and all who have notice of the injunction, are **ENJOINED** from enforcing 18 Pa.C.S. §§ 6106, 6107, 6108, and 6119, and Philadelphia Code §§ 10-818(2) and 10-833(2) with respect to possession of firearms in public within 100 feet of a school, Philadelphia Police Department Directive 5.27, and their related regulations, policies, enforcement practices, and actions that individually and/or collectively prevent any Philadelphia County resident who is not disqualified from exercising their right to keep and bear arms from carrying loaded, operable firearms, including handguns, on their person, in public and in their vehicles, for all lawful purposes including self-defense.

6. The Defendants shall maintain and hold all records, documents, or other forms of information, including that which is stored in electronic form in any place which the Defendants may store such information, which relate to the allegations in the Plaintiffs' Complaint, to ensure the fair conduct of this litigation.

The Court further finds that no bond or other security shall be required of the Plaintiffs.

**IT IS HEREBY FURTHER ORDERED THAT:**

1. A hearing is set on the Plaintiffs' Motion for Preliminary Injunction to be held on _____ \_\_\_, 2020, at \_\_\_\_o'clock a.m./p.m. in Courtroom \_\_\_\_ of the United States District Court for the Eastern District of Pennsylvania.

2. The Plaintiffs shall immediately provide Defendants with notice of this Order and, to the extent they have not already, make service of all papers upon the Defendants.

3. This Temporary Restraining Order is entered at \_\_\_\_o'clock a.m./p.m. and shall remain in effect unless otherwise modified by an order of this Court.

SO ORDERED.

ENTERED this _____ day of _____, 2020.

_____
Michael M. Baylson, U.S.D.J.