# **EXHIBIT A – Offer of Judgment**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH FETSURKA, et al., | : |
| | : CIVIL ACTION |
| Plaintiffs, | : No. 20-5857 |
| | : |
| v. | : |
| | : |
| DANIELLE OUTLAW, et al., | : |
| | : |
| Defendants | : |
| | : |

**OFFER OF JUDGMENT**

**TO:**  Raymond M. DiGuiseppe
The DiGuiseppe Law Firm
4320 Southport-Supply Road, Suite 300
Southport, NC 28461
*Attorney for Plaintiff*

Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendants, Danielle Outlaw and the City of Philadelphia ("Defendants"), by and through Kristin K. Bray, Chief Deputy City Solicitor, hereby offer to allow Judgment to be taken against them and in favor of the Plaintiffs Keith Fetsurka, Timothy Sieck, Nicolas DeFina, Andrew Scott, and the Firearms Policy Coalition, Inc., for all claims for damages, costs, attorneys' fees and interest accrued to date, in the amount of **THIRTY THOUSAND DOLLARS ($30,00.00)** and entry of an injunctive order with the following terms:

1.  The City of Philadelphia ("City") shall accept License To Carry Firearm ("LTCF") applications by the following methods:

    a.  Electronic submission: Applicants may submit their LTCF applications to a designated, secured email system and/or through an online portal system.

    b.  Mail submission: Applicants may submit their LTCF applications via United States Postal Service or a common delivery carrier.

1

    c. In-person: When the public safety emergency of COVID-19 pandemic ends, applicants may submit their LTCF applications in-person at the City's Gun Permit Unit ("GPU") during hours as determined by the GPU. The City/GPU will have the sole discretion to determine when the public safety emergency posed by COVID-19 has concluded and it is safe to resume in-person submission of applications. Provided that, the City/GPU will continue to offer in-person appointments thereafter unless there is a public health or safety emergency; natural disaster (like hurricanes, floods, earthquakes) and other weather disturbances; terrorism or threats of terrorism; civil disorder, labor strikes or disruptions; fire; disease, medical epidemic or outbreak; nuclear, chemical, or other contamination; severe City budgetary constraints; or other good cause to cease receiving in-person LTCF applications. The City/GPU shall resume acceptance of in-person applications as soon as reasonably practicable after the abatement of the circumstance that forced the suspension of in-person appointments. Should in-person appointments be suspended the City will still accept mail and electronic submission of LTCF applications.

2. LTCF Applications shall be deemed received as follows:

    a. Electronic submissions are deemed received on the date that the GPU receives a Complete Application (as defined in paragraph 3), with the exception that any LTCF application received after hours, on a weekend, or on a City holiday will be deemed received on the next business day.

    b. Mail submissions are deemed received upon actual delivery and receipt of the mail by the GPU and when that mail contains a Complete Application (as defined in paragraph 3) LTCF application.

    c. In-person submissions are deemed received upon acceptance by a representative of the GPU and confirmation from the GPU representative that the application is a Complete Application (as defined in paragraph 3).

    d. LTCF applications that are missing information, inclusive of supporting documentation, will not be deemed submitted until all information has been submitted by the applicant. The City shall maintain a log of applications and their date of receipt along with if an application was returned to an applicant because of incomplete and/or missing information and/or was rejected.

    e. If an LTCF application is incomplete or missing necessary documentation, the City may reject and/or deny the application.

3. An application is deemed complete when an applicant:

    a. Fully fills out the LTCF application form with all information required by the Commonwealth of Pennsylvania;

    b. Provides a copy of his/her Pennsylvania Driver's License or other valid government issued identification card, which contains the applicant's name,

photograph and address. If the applicant has changed their address and/or the address on the Pennsylvania Driver's License or other valid government issued identification card is inconsistent with the address listed in the LTCF application, the applicant must provide, at least one additional proof of residence, which include but are not limited to, a phone bill (home or cellular), electric bill, gas bill, water bill, cable or satellite bill, current credit card statement, current bank or student loan statement, valid vehicle registration, valid vehicle insurance card, and/or voter registration card. The City may ask for additional proofs of residence if necessary to determine if the applicant is eligible to apply for a license in Philadelphia.

      c.      If the applicant has changed their name, provides a copy of legal documents to show said name change.

      d.      If the applicant is active-duty military, provides a copy of orders verifying that the applicant is stationed in Pennsylvania.

      e.      If the applicant was previously a member of the armed forces, provides a copy of his/her discharge papers (DD-214).

      f.      If the applicant is foreign born and currently an American citizen, provides a copy of his/her naturalization papers or a passport.

      g.      If the applicant is a registered alien, provides a copy of his/her current permanent resident card (i.e., Green Card).

      h.      If the applicant has a current permit, expired permit from the two years prior, or revoked permit from the two years prior, the applicant must provide a copy of said permit(s), regardless of which jurisdiction said permit(s) was/were initially issued in. If the applicant no longer has a copy of the permit in their possession, the applicant should so notify the GPU.

4.      Upon reviewing the application submitted and supporting documentation, the City shall conduct a background check utilizing the E-PICS system, or similar background check system to investigate the applicant's eligibility for a LTCF. Nothing in this paragraph shall preclude the City from conducting an additional investigation into any applicant's eligibility for a LTCF when the City has a "good faith basis" for such additional investigation.

      a.      "Good faith basis" shall mean when a reasonable investigator would believe that anomalies, inconsistencies or irregularities exist in the LTCF application that would lead that reasonable investigator to believe that the applicant's character and reputation are such that the applicant may act in a manner dangerous to public safety and/or that the applicant would otherwise be disqualified from holding a LTCF under 18 Pa.C.S. § 6109.

      (1)      If the assigned investigator believes that such anomalies, inconsistencies or irregularities exist, the investigator will provide the

3

investigator's immediate supervisors with that information and seek approval to conduct an additional investigation.

(2) If the supervisor concurs with the investigator's assessment, the supervisor shall authorize an expanded investigation into the LTCF applicant's character and reputation, prior to making a final approval or denial decision on the LTCF application.

b. Any such additional investigation may include, but shall not be limited to, requesting the applicant to submit to fingerprinting, submit to an interview, provide additional proofs of residence, provide additional documents, and/or any other reasonable investigation the City, through its GPU, deems necessary. An LTCF applicant's failure or refusal to respond to the City's investigatory requests may result in the City concluding that the applicant is ineligible for a LTCF.

5. LTCF applicants shall be notified of the decision on their application by the following means:

a. For approvals only, if an applicant submitted their application electronically, the applicant shall be emailed at the email address the applicant provided, with instructions for the applicant to schedule an appointment to pick up their LTCF. Nothing in this paragraph shall preclude the City from contacting the applicant via U.S. mail. Should the City become aware that the email did not reach the applicant (e.g.: because the email bounced back as undeliverable), the City shall notify the applicant of the approval by mail in accordance with paragraph 5, b.

b. For approvals only, if the applicant submitted their application by mail or in-person, unless the applicant indicates otherwise, the applicant shall be sent, via certified mail, a letter to the address the applicant provided, with instructions for the applicant to schedule an appointment to pick up their LTCF. Nothing in this paragraph shall preclude the City, at its sole discretion, from also sending additional notice to the applicant via first-class via U.S. mail.

c. For denials, regardless of the means of submission, the applicant shall be sent, via certified mail, a letter to the address the applicant provided, informing the applicant that they have been denied. Nothing in this paragraph shall preclude the City, at its sole discretion, from also sending additional notice to the applicant via first-class via U.S. mail.

6. The City shall accept payment for LTCF in the following forms:

a. If the applicant submits their application electronically through an online third-party vendor, the applicant shall remit payment of the statutorily authorized amount plus any convenience fee for charges assessed by the vendor. Any convenience fee in excess of the statutory authorized amounts is for the convenience of the applicant and shall not give rise to any cause of action against the City for a violation of any law, Constitutional violation, or other claim.

   b. If the applicant submits his/her application via mail or in-person, payment of the statutorily authorized amount shall be remitted by money order.

 7. The City shall work in good faith and make all best efforts to provide approved LTCF applicants an appointment to pick-up a LTCF at the GPU as soon as possible, provided that:

   a. If, due to "Circumstances Reasonably Beyond the Control of the City," the City is unable to offer 90% of approved LTCF applicants with an in-person pick-up appointment within forty-five (45) days of the date of that applicant's approval, the GPU shall maintain "Expanded Operational Hours" until such time as the City can offer at least 90% of approved LTCF applicants a pick-up appointment within forty-five (45) days of the date of the LTCF applicant's approval.

   b. "Expanded Operational Hours" require GPU to be open from Monday through Friday, from 8 a.m. until 8 p.m., excluding City holidays.

   c. During Expanded Operational Hours, the GPU shall make best efforts to have appointments available at a minimum frequency of one appointment every ten minutes.

   d. "Circumstances Reasonably Beyond the Control of the City" include, but are not limited to, a shutdown of or limitation on the GPU's operations based on government orders related to the COVID-19 pandemic or another health crisis; a shutdown of or limitation on the City and/or GPU's operations due to a public safety emergency, or any other circumstances regarding the life, safety, and health of the members of the GPU and/or PPD, LTCF applicants, and/or the public which would prohibit normal operations; natural disaster (like hurricanes, floods, earthquakes) and weather disturbances; terrorism or threats of terrorism; civil disorder, labor strikes or disruptions; fire; disease, medical epidemic or outbreak; nuclear, chemical, or other contamination; acute resource limitations, inclusive of resource/appointment availability issues driven by volume of applications received by the City/GPU; the applicant's inability to attend the offered appointment or the applicant's choice to select an appointment date/time outside of the forty-five (45) day window; severe City budgetary constraints; or other good cause that would prohibit a reasonable Sheriff or Police Department, who/which is operating in good-faith, from offering an in-person LTCF pick-up appointment within forty-five (45) days.

 8. Issuance of a LTCF shall require the applicant to:

   a. Pay the statutorily authorized amount by money order, if not already paid during application submission;

   b. Submit to the GPU photographing the applicant for the LTCF; and

   c. Providing a signature and receipt of the LTCF.

9. The Court shall retain jurisdiction of this matter to enforce the terms of this Judgment for one-hundred-and-twenty (120) months. However, a party asserting breach of or non-compliance with this agreement may only collect attorney fees and costs for bringing such an action if that party first provides the City of Philadelphia, through its City Solicitor, notice of the alleged breach ***and*** permits the City at least thirty (30) days to cure the matters complained of in the referenced notice. Nothing in this judgment shall confer any right upon any party to litigate any claim in federal court that could or should be litigated before the Board of Licenses and Inspection Review and/or the Court of Common Pleas in a Local Agency appeal.

This Offer of Judgment is made solely for the purposes specified in Federal Rule of Civil Procedure 68 and is not to be construed either as an admission that the Defendants are liable in this action, or that the Plaintiff has suffered any damages. Said judgment is to have no effect whatsoever except in settlement of this case. Additionally, this Offer of Judgment is not admissible as evidence in any proceeding, except, if rejected, in a proceeding to determine costs. If this Offer of Judgment is not accepted in writing by no later than March 26, 2021 at 5:00 p.m., EST, it shall be deemed withdrawn.

Date: March 25, 2021

/s/ *Kristin K. Bray*
Kristin K. Bray
Chief Deputy City Solicitor
Pa. Attorney ID No. 200737
City of Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
215-683-5408
kristin.bray@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEITH FETSURKA, et al.,** | : |
| | : |
| | : CIVIL ACTION |
| Plaintiffs, | : No. 20-5857 |
| | : |
| v. | : |
| | : |
| **DANIELLE OUTLAW, et al.,** | : |
| | : |
| **Defendants** | : |
| | : |

## CERTIFICATE OF SERVICE

I, Kristin K. Bray, Attorney for Defendants, the City of Philadelphia and Commissioner Danielle Outlaw, certify that on this date, Defendants' Rule 68 Offer of Judgment was served upon the below individual, via email.

> Raymond M. DiGuiseppe
> The DiGuiseppe Law Firm
> 4320 Southport-Supply Road, Suite 300
> Southport, NC 28461
> law.rmd@gmail.com
> *Attorney for Plaintiff*

Date: March 25, 2021

/s/ *Kristin K. Bray*
Kristin K. Bray
Chief Deputy City Solicitor
Pa. Attorney ID No. 200737
City of Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
215-683-5408
kristin.bray@phila.gov