IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEITH FETSURKA, TIMOTHY SIECK, NICOLAS DEFINA, ANDREW SCOTT,** and **FIREARMS POLICY COALITION, INC.**<br><br>v.<br><br>**DANIELLE OUTLAW,** *Philadelphia Police Commissioner,* **CITY OF PHILADELPHIA, PENNSYLVANIA,** and **COLONEL ROBERT EVANCHICK,** *Commissioner of Pennsylvania State Police* | **CIVIL ACTION**<br><br>**NO. 20-5857** |

### NOTICE OF SETTLEMENT CONCERNING PHILADELPHIA'S GUN PERMIT UNIT & THE SECOND AMENDMENT

*INVITATION FOR PUBLIC COMMENT*

Plaintiffs Keith Fetsurka, Timothy Sieck, Nicolas Defina, Andrew Scott and the Firearms Policy Coalition, Inc. (FPC) have sued the City of Philadelphia, the Philadelphia Police Commissioner (Danielle Outlaw), and the Commissioner of the Pennsylvania State Police (Colonel Robert Evanchick) alleging a violation of Plaintiffs' civil rights under the Second and Fourteenth Amendments. Specifically, Plaintiffs take issue with various aspects of firearm regulation in Philadelphia and the Commonwealth of Pennsylvania, arguing that the government has unconstitutionally burdened their right to keep and bear arms.

Plaintiffs filed a Complaint on November 20, 2020, and then expanded their claims in an Amended Complaint, filed on November 30, 2020.

The original Complaint contained claims about the impact of the COVID-19 pandemic on Philadelphia's gun permitting process. Plaintiffs argued that their Second Amendment rights were violated because Philadelphia closed down its Gun Permit Unit as "non-essential" in light of COVID-19. Plaintiffs sought various forms of relief from this Court, including a judgment that

1

the City's closures and laws violated the Second and Fourteenth Amendment, and an order forbidding the Gun Permit Unit's closure.  Plaintiffs' position was that the challenges presented by "COVID-19, [the national] election, social unrest, [and] other social ills" do not justify Philadelphia's restrictions on "fundamental human rights."

Ten days later, Plaintiffs filed an Amended Complaint, which included broader arguments. Plaintiffs argued that the "Commonwealth of Pennsylvania broadly prohibits the carrying of loaded firearms by ordinary citizens in public for self-defense."  They likewise argued that Philadelphia has unduly burdensome laws, such as the prohibition on carrying of a firearm within 100 feet of a school.  In addition to their COVID-related complaints, Plaintiffs also argued that Philadelphia's licensing process is delayed and burdensome even in normal times.  For example, they pointed out that City does not provide online/email scheduling for licensing appointments, and that it allocates limited resources to the Gun Permit Unit such that its staff cannot timely accept and process permit applications.

After the Court denied Defendants' Motion to Dismiss, the parties proceeded into settlement discussions with Magistrate Judge Strawbridge.  Eventually, Defendants submitted an Offer of Judgment to Plaintiffs pursuant to Rule 68 of the Federal Rules of Civil Procedure.  Plaintiffs accepted the offer and filed a Motion for Judgment, which includes a provision that this Court "shall retain jurisdiction . . . to enforce the terms of this Judgment for one-hundred-and-twenty (120) months."  (Ex. A, Offer of Judgment 7, ECF 58-2).

Under Rule 68, if a plaintiff rejects a settlement offer, proceeds to trial, and recovers less than the previously offered amount, plaintiffs must pay the costs incurred by defendants after the making of the offer.  Rule 68 was intended to encourage settlement in cases with a strong probability that the plaintiff will obtain judgment, but where the amount of recovery is uncertain.

The Rule, once invoked by one of the parties, prompts both parties to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits.

Because of the provisions in this settlement, allowing the Court to exercise jurisdiction over ten (10) years, the Court will hold a hearing on the Motion for Judgment to explore its role in this case should the Motion be granted.  It is well-settled that "a federal court always has jurisdiction to determine its own jurisdiction." White-Squire v. U.S. Postal Serv., 592 F.3d 453, 456 (3d Cir. 2010) (citing United States v. Ruiz, 536 U.S. 622, 628 (2002)).  And where—as here—parties indicate in a settlement agreement their desire that this Court have continuing jurisdiction over the settlement, the Court has a role in considering such jurisdiction.  See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381 (1994) ("[T]he court's 'retention of jurisdiction' over the settlement contract . . . may, in the court's discretion, be one of the terms set forth in the order."); see also Raab v. City of Ocean City, 833 F.3d 286, 295 n.5 (3d Cir. 2016) ("the decision whether to retain ancillary jurisdiction over the settlement agreement is discretionary"); Sprigmeyer v. Manjiv, No. 2:09-cv-00924, 2010 WL 2740178, *1 (E.D. Cal. July 9, 2010) ("the settling parties had no authority to make their private settlement agreement enforceable by a district court as an order of the court without the express agreement of the district court").

The Court will hold a hearing on the Motion for Judgment on **April 22, 2021 at 11:00 a.m. in Courtroom 6A** (any changes will be addressed in a follow-up Notice of Hearing, if necessary). Any interested person or organization may file comments in writing before April 19, 2021 and if they wish to appear in person, the written comment should include that request, and the Court will advise if the request will be granted.  Comments may be addressed to the Clerk of Court, and sent electronically or by mail to the following addresses:

**Electronically:**
kate_barkman@paed.uscourts.gov

**By Mail:**
Kate Barkman, Clerk of Court
U.S. District Court for the Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106

**BY THIS COURT:**

s/ Michael M. Baylson

**Dated: April 12, 2021**

**MICHAEL M. BAYLSON**
**United States District Court Judge**

O:\CIVIL 20\20-5857 Fetsurka v Outlaw\20cv5857 notice of settlement.docx